UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-                                      5:12-CV-0117 (LEK/ATB)

KENNETH J. HOWARD,

                Defendant.

## DECISION and ORDER

### I. INTRODUCTION

On January 21, 2012, Plaintiff commenced this action alleging that Kenneth J. Howard ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). On October 24, 2013, the Court denied Plaintiff's Third Motion for a default judgment and dismissed the Complaint with prejudice. Dkt. Nos. 10 ("Third Motion"); 11 ("October 2013 Order"); 12 ("Judgment"). Now before the Court is Plaintiff's Motion for Relief from the Judgment. Dkt. No. 13 ("Motion for Relief"). For the following reasons, Plaintiff's Motion for Relief is denied.

### II. BACKGROUND

Defendant is a resident of Syracuse, New York. Compl. ¶ 2. The Complaint alleged that Defendant executed a promissory note to secure loans from the U.S. Department of Education, and that he failed to repay the loans in full. See generally id. Defendant did not file a responsive pleading, and on April 26, 2012, the Clerk filed an Entry of default against Defendant at Plaintiff's request. Dkt. Nos. 4; 5. Plaintiff subsequently filed three Motions for a default judgment, each of which was denied as defective. Dkt. Nos. 6 ("First Motion"); 8 ("Second Motion"); Third Mot.

Under Local Rule 55.2(b), a party seeking a default judgment must submit with its motion:

(1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(b) (citing L.R. 55.2(a)). Plaintiff's First Motion did not include the proper affidavit, so the Court denied it without prejudice to filing a renewed motion. Dkt. No. 7 ("January 2013 Order"). Plaintiff then filed the Second Motion, but failed to include a copy of the pleading to which no response had been made. Dkt. No. 9 ("July 2013 Order"). The Court denied the Second Motion without prejudice to filing a renewed motion, but warned Plaintiff that failure to file a motion that conforms with the Federal Rules of Civil Procedure and the Local Rules would result in dismissal of the action with prejudice. July 2013 Order at 3. Plaintiff subsequently filed the Third Motion, but failed to include the required proposed form of default judgment. Oct. 2013 Order at 3. The Court therefore denied the Third Motion and dismissed the action with prejudice. Id.; Judgment. Plaintiff then filed the Motion for Relief from the Judgment, arguing that his failure to comply with the Court's July 2013 Order was an excusable mistake. See generally Mot.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) permits a district court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A motion for relief from judgment is generally not favored and is properly granted only upon a

showing of exceptional circumstances. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable," Van Gorden v. Sharinn & Lipshie, P.C., 993 F. Supp. 2d 261, 263 (E.D.N.Y. 2014), and the burden of proof is on the party seeking relief from judgment, see Paddington, 34 F.3d at 1142.

## IV. DISCUSSION

Plaintiff states that, upon the filing of the Third Motion, the proposed default judgment "was incidentally cut-off when scanned in," meaning that it was "inadvertently omitted when e-filed." Mot. for Relief ¶¶ 5, 7. Plaintiff asserts that dismissal of the Complaint with prejudice "is a harsh and severe result for an innocuous mistake." Mot. for Relief ¶ 11. These arguments do not justify setting aside the Judgment.

It is well-settled in the Second Circuit that default judgments are not favored, and that there is a strong preference for resolving disputes on their merits. Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995); Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983). Indeed, "entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." In re Villegas, 132 B.R. 742, 746 (9th Cir. B.A.P. 1991). Rather, "the decision to enter a default judgment is discretionary." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); see also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) ("FED. R. CIV. P. 55(b) states that a judgment by default 'may' be entered under specified circumstances, not that it must."). Accordingly, the Northern District's Local Rules of Practice require litigants to submit a set of supporting documents when seeking a default judgment. L.R.

55.2. On three occasions, Plaintiff failed to comply with Local Rule 55.2. Furthermore, Plaintiff's Second and Third Motions violated the Court's Orders, which specifically instructed Plaintiff to file a motion for default judgment that complied with the Rules. See Jan. 2013 Order; July 2013 Order; Second Mot.; Third Mot.

Although the October 2013 Order dismissing this action did not explicitly cite Federal Rule of Civil Procedure 41(b), that Rule "authorizes a district court to dismiss a plaintiff's case *sua sponte* for failure to prosecute or to comply with a court's order." Jackson v. Mulroy, 12 F. App'x 80, 82 (2d Cir. 2001). "[T]he correctness of a Rule 41(b) dismissal is determined in light of the record as a whole and in consideration of the following factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998). "Generally, no factor is dispositive." Id.

Here, Defendant's default was entered on August 27, 2012. Dkt. No. 5. Between then and the dismissal of this case on October 24, 2013, Plaintiff was given three chances to file a proper motion. See Jan. 2013 Order; July 2013 Order. Plaintiff's counsel failed to do so, despite the Court's notification that failure to file a compliant motion would result in dismissal. See July 2013 Order at 3. Accordingly, the first two factors weighed in favor of dismissal. As to the fourth factor, the Court notes that Plaintiff's counsel has prosecuted dozens of similar student loan actions on behalf of Plaintiff in this District. See, e.g., United States v. Bent, No. 12-CV-0110, 2013 WL

4

5771171 (N.D.N.Y. Oct. 24, 2013); United States v. Pierorazio, No. 12-CV-0111, 2013 WL 5755419 (N.D.N.Y. Oct. 23, 2013). Dismissal for repeated failures to comply with the Court's orders may, as it was in this case, be necessary for the Court to mange its docket and alleviate congestion. See Jackson v. Mulroy, 12 F. App'x 80, 82 (2d Cir. 2001). Finally, the Court contemplated lesser sanctions when it dismissed Plaintiff's First and Second Motions without prejudice to renewal. Jan. 2013 Order; July 2013 Order. That sanction proved ineffective. See Third Mot. Accordingly, after considering the record and these five factors, four of which weighed in favor of dismissal, the Judgment of dismissal with prejudice was properly entered under Rule 41(b).

Although Plaintiff's counsel considers dismissal with prejudice to be "a harsh remedy and severe result" for the mistake he committed in filing the Third Motion, Mot. for Relief ¶ 11, "relief under FED. R. CIV. P. 60(b)(1) is not available based upon an attorney's mistake," Van Gorden v. Sharinn & Lipshie, P.C., 993 F. Supp. 2d 261, 261 (E.D.N.Y. 2014). Indeed, the Second Circuit "has consistently declined to relieve a client under Rule 60(b)(1) due to his attorney's mistake or ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload." Eastwood Auto Body & Garage, Inc. v. City of Waterbury, No. 97 Civ. 9278, 1998 WL 487017, at *1 (2d Cir. June 11, 1998). Plaintiff's Motion for Relief from the Judgment is therefore denied.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 13) for reconsideration and relief from judgment is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in

5

accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: August 27, 2014
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge